UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.S.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; SERGIO ALBARRAN, Director of the ICE Field Office; MINGA WOFFORD, Warden of Mesa Verde ICE Processing Center,<br><br>　　　　Respondents. | No. 1:26-cv-00778-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

　　Petitioner P.S. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4.[1] The Court has previously addressed the legal issues raised by claims one and two of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal.

---

[1] The Court granted petitioner's motion to proceed via pseudonym by separate order.

1

Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 8. In response, respondents filed a motion to dismiss, but they did not identify any factual or legal distinctions between this case and those cited above, nor did they make any new arguments. *See* Doc. 10.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claims one and two, for the reasons addressed in those prior orders.[3]

///
///
///

---

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 10 at 2. But here the record reflects that the government initially detained petitioner in 2024, then released him on his own recognizance pursuant to § 1226(a) after implicitly determining that he did not pose a flight risk or a danger, and then in 2025 purported to re-detain petitioner pursuant to § 1225(b) notwithstanding its prior release of him under § 1226(a). Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims one and two.

2

1    Respondents are ORDERED to release petitioner immediately.  Respondents are
2 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
3 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
4 petitioner is a flight risk or danger to the community such that his physical custody is legally
5 justified.
6    The Clerk of Court is directed to close this case and enter judgment for petitioner.

8  IT IS SO ORDERED.
9    Dated:    February 4, 2026    _____
10                   UNITED STATES DISTRICT JUDGE